# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PIERRE DOUGLAS GARDNER,**

                **Petitioner,**

     **v.**                                        **Case No. 24-CV-196**

**SUE DEHANN,**

                **Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Pierre Douglas Gardner, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Because Gardner failed to identify the respondent in his petition, in accordance with Rule 2(a) of the Rules Governing Section 2254 Petitions, the Clerk's Office named Sue DeHaan, the Director of the Wisconsin Resource Center where Gardner is incarcerated, as the respondent.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Gardner murdered his girlfriend. *State v. Gardner*, No. 2021AP274-CRNM, 2023 Wisc. App. LEXIS 978 (Ct. App. Sep. 6, 2023). He argues that his conviction for her murder violated his rights under the First and Fourteenth Amendments because the murder was an exercise of his freedom of religion. (ECF No. 1 at 6-7; 9.) Gardner also asserts claims under the Wisconsin Constitution (ECF No. 1 at 7-8), but federal habeas relief is limited to claims that a conviction violates federal law.

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. § 2254(b)(1), (c). Exhaustion of state remedies is a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006), that a district court may raise *sua sponte, see U.S. ex rel. Lockett v. Illinois Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979); *Tate v. Borgen*, No. 04-C-1019, 2005 U.S. Dist. LEXIS 48282, at *25 (E.D. Wis. July 26, 2005). Before coming to federal court with a habeas claim, every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard*, 404 U.S. at 276). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To fairly present claims, "both the

operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Gardner acknowledges that he has not sought relief in the Wisconsin Supreme Court. (ECF No. 1 at 5.) No later than **April 12, 2024**, Gardner shall show cause as to why his petition should not be dismissed for his failure to exhaust his remedies in state court. **<u>Failure to timely respond may result in the dismissal of this action</u>**.

The Clerk shall serve a copy of the petition and this order on the respondent. No later than **May 3, 2024**, the respondent may, but is not required to, respond to Gardner's explanation. The respondent shall complete and return the Consent to Proceed Before a Magistrate Judge form no later than **May 3, 2024**. Gardner may then reply no later than **May 17, 2024**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 22nd day of March, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge