UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PIERRE DOUGLAS GARDNER,

        Petitioner,

v.                                  Case No. 24-CV-196

SUE DEHANN,

        Respondent.

## DECISION AND ORDER

Pierre Douglas Gardner, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 8.)

Gardner murdered his girlfriend. *State v. Gardner*, No. 2021AP274-CRNM, 2023 Wisc. App. LEXIS 978 (Ct. App. Sep. 6, 2023). He argues that he did not murder her but "sacrificed" her because she violated her "oath," and his murder conviction violated his constitutional right to exercise his Black Egyptian Nubian religion. (ECF Nos. 1 at 6-7; 9 at 1-2.)

In screening his petition under Rule 4 of the Rules Governing Section 2254 Cases, the court noted that Gardner acknowledged that he has not sought relief in the

Wisconsin Supreme Court and therefore had not exhausted his state court remedies. (ECF No. 6 at 2-3.) The court ordered Gardner to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2254(b)(1), (c).

Gardner filed three documents following this court's order (ECF Nos. 9, 11, 12), but none addresses his failure to exhaust his remedies in state court. Therefore, it is undisputed that Gardner did not exhaust his state court remedies and he is not entitled to relief. *See* 28 U.S.C. § 2254(b)(1)(A).

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Because Gardner's constitutional claims are patently frivolous, the court will deny his petition on the merits notwithstanding his failure to exhaust his state court remedies.

Gardner's claim under the Wisconsin Constitution is not cognizable in a federal habeas petition. A federal court can provide state petitioners with relief only for violations of federal law. *See* 28 U.S.C. § 2254(a).

His remaining claims under the United States Constitution relate to his assertion that he was exercising his religious beliefs when he murdered his girlfriend and therefore his conviction for the offense violates his rights under the First Amendment. There is no merit to a claim that the First Amendment excuses murder. *See Reynolds v. United States*, 98 U.S. 145, 166 (1878) ("Suppose one believed that human sacrifices were

a necessary part of religious worship, would it be seriously contended that the civil government under which he lived could not interfere to prevent a sacrifice?"); *Fulton v. City of Phila.*, 141 S. Ct. 1868, 1895 n.28 (2021) (Alito, J., concurring) ("No one has ever seriously argued that the Free Exercise Clause protects every conceivable religious practice or even every conceivable form of worship, including such things as human sacrifice.").

**IT IS THEREFORE ORDERED** that Pierre Douglas Gardner's Petition for a Writ of Habeas Corpus is **denied**. His petition and this action are dismissed. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability is **denied**. Gardner has failed to make a substantial showing of the denial of a constitutional right or that the court's procedural ruling is fairly debatable.

Dated at Milwaukee, Wisconsin this 10th day of May, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge